**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Nomura Credit and Capital, Inc.,

    Plaintiff

v.

RAM, LLC, et al.,

    Defendants

Case No.: 2:17-cv-01243-JAD-VCF

**Order Granting Motion
for Default Judgment**

[ECF No. 40]

    Plaintiff Nomura Credit and Capital, Inc. sues RAM, LLC to remove the cloud on the title to the property located at 4604 Painted Cliffs Drive in Las Vegas.[1] RAM has failed to appear, the Clerk of Court entered default against it,[2] and Nomura moves for entry of default judgment.[3] I find that Nomura has demonstrated that default judgment is now warranted, so I grant the motion and direct the Clerk of Court to enter default judgment quieting title in Nomura's favor.

**Discussion**

    Anzelma Zepeda purchased the home at 4604 Painted Cliffs Drive in Las Vegas in 2006 with a loan secured by a deed of trust.[4] The property is located within the Pima Village common-interest community and subject to the covenants, conditions, and restrictions of the Pima Village Owners Association.[5] Nomura acquired the beneficiary interest in the deed of trust on June 31, 2013.[6]

---

[1] ECF No. 1.

[2] ECF No. 27.

[3] ECF No. 40.

[4] ECF No. 40-1 at ¶ 6–7.

[5] ECF No. 1 at 22–25 (Planned Unit Development Rider).

[6] *Id.* at 35 (Ex. 3); ECF No. 40-1, ¶ 10.

1

When Zepeda failed to pay her homeowners' association dues and assessments, the association foreclosed on the property using the non-judicial foreclosure process prescribed by NRS 116.3116, which allowed homeowners associations to foreclose on certain liens they hold against properties within their communities. As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, the law established a superpriority lien for certain maintenance and nuisance-abatement charges and for certain assessments for common expenses based on the association's periodic budget, and the proper foreclosure of those liens extinguishes a first deed of trust on the property.[7] Pima invoked this procedure and sold the property in a nonjudicial foreclosure sale to RAM for $6,500.[8] Five months later, the trustee on Nomura's deed of trust conducted its own non-judicial foreclosure to enforce the rights under the first deed of trust. During that sale, Nomura purchased the property.[9]

Nomura brings this quiet-title action seeking a declaration that the foreclosure sale to RAM was invalid or otherwise failed to extinguish Nomura's deed-of-trust interest in the property.[10] Because RAM has failed to appear and defend this action, the Clerk of Court entered default against RAM on October 20, 2017.[11] Nomura requests that I now grant default judgment against RAM.[12]

**A.     Default-judgment standard**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment if the clerk previously entered default based on a defendant's failure to defend. After entry of

---

[7] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[8] ECF No. 1 at 37 (Trustee's Deed).

[9] *Id.* at 40–43.

[10] ECF Nos. 1, 40.

[11] ECF No. 27.

[12] ECF No. 40.

2

default, the complaint's factual allegations are taken as true, except those relating to damages.[13] "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default."[14] The court has the power to require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate.[15] Whether to grant a motion for default judgment lies within the trial court's discretion,[16] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[17]

**B.     Evaluating the *Eitel* factors**

Nomura argues that the first factor—the possibility of prejudice to the plaintiff—is satisfied because it has been the titleholder of this property for five years but the cloud created by Pima's sale to RAM has left it unable to obtain title insurance and transfer the property.[18] And because RAM is a "defaulted and defunct entity," the only avenue Nomura has to quiet this title dispute is through a default judgment. Nomura has demonstrated that, absent a default judgment, it will remain legally prejudiced, so I find that this first factor weighs in favor of granting default judgment.

---

[13] *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[14] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[15] *See* FED. R. CIV. P. 55(b)(2).

[16] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[17] *Id.* at 1471–72.

[18] ECF No. 40 at 2; ECF No. 40-1 at ¶ 15.

Nomura next argues that the second and third factors weigh in favor of granting default judgment because it "has been the [unchallenged] titleholder of record since March 14, 2014[,] after foreclosing its first deed of trust resulting in a trustee's deed upon sale [under] NRS 107.080."[19] And it offers a handful of reasons why Pima's foreclosure sale to RAM did not extinguish its first deed of trust.[20] Although I am unpersuaded that the majority of Nomura's theories are legally valid, one is, and that is all Nomura requires to carry the day. Because Nevada law grants superpriority status only to certain liens, Nomura can show that the foreclosure sale to RAM did not extinguish its deed of trust if the lien that Pima was enforcing does not qualify as one of those superpriority liens.[21] Nomura alleges in its complaint that "The HOA Sale was not a true 'super priority' lien sale because, based on information and belief, Pima failed to properly adopt a periodic budget in compliance with NRS 116.3115, and the assessment liens did not contain any costs incurred in abating a nuisance on the Property."[22] Though thin, these facts, taken as true because of RAM's default, undermine the conclusion that Pima's sale to RAM was a proper foreclosure on a superpriority lien under NRS Chapter 116. Pimas sale thus did not wipe out Nomura's deed of trust by operation of law, so when Nomura foreclosed to enforce that security interest, RAM's interest was extinguished. I thus find that the second and third *Eitel* factors weigh in favor of default judgment.[23]

Nomura argues that the fourth factor weighs in its favor because "the most that RAM stands to lose as a result of default judgment is $6,500, the amount it paid at the HOA's lien foreclosure in 2013."[24] And, "weighing" that "relatively small amount" against the $179,000 loan that Nomura's deed of trust secured, plus Nomura's expenditures to keep and maintain the

---

[19] ECF No. 40 at 3.

[20] *Id*. at 3–4.

[21] *See SFR*, 334 P.3d at 410–14.

[22] ECF No. 1 at ¶ 25.

[23] I do not find any of Nomura's alternative theories legally valid.

[24] ECF No. 40 at 4.

1 property since March 2014, "the equities tip in favor of" Nomura. I agree; this fourth factor is
2 satisfied.
3 Nomura argues that the fifth factor favors default judgment because there is "no
4 possibility of a dispute concerning material facts."[25] "RAM has not appeared to defend the
5 action [and] . . . is now a defunct entity," and "the majority of the evidence . . . is public
6 record."[26] I agree that the public records foreclose the dispute of most material facts, and I find
7 that this factor weighs in favor of default judgment. I also find that the sixth and seventh factors
8 support default judgment because RAM's continued absence has made it impossible to find that
9 it defaulted because of excusable neglect or to decide this case on its merits.
10 In sum, the *Eitel* factors weigh in favor of granting default judgment. Accordingly, I
11 grant Nomura's motion and direct the Clerk of Court to enter default judgment in its favor.

**Conclusion**

13 IT IS THEREFORE ORDERED that Nomura's motion for default judgment against
14 RAM, LLC **[ECF No. 40] is GRANTED**.
15 With good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the
16 Clerk of Court is directed to **ENTER FINAL DEFAULT JUDGMENT in favor of Nomura**
17 **and against RAM, LLC**. **The judgment should state that** "IT IS HEREBY ORDERED,
18 ADJUDGED, AND DECLARED that title to the real property located at 4604 Painted Cliffs
19 Drive, Las Vegas, Nevada 89108, APN # 139-19-212-019, is quieted in favor of Nomura Credit
20 and Capital, Inc., as the owner of the property, and that RAM, LLC has no estate, interest, lien,
21 or title in or to this property. This judgment may be recorded in the Official Records to provide
22 notice of Nomura Credit and Capital, Inc.'s interest."
23 Finally, the entry of judgment against RAM leaves just one party: Anzelma Zepeda,
24 against whom the Clerk has entered default.[27] IT IS FURTHER ORDERED that **Nomura has**

---

[25] *Id.* at 5.

[26] *Id.*

[27] *See* ECF No. 34.

**until April 15, 2019, to take further action to conclude this case against this remaining defendant,** or the court will order this case to be closed.

Dated: March 25, 2019

_____
U.S. District Judge Jennifer A. Dorsey